```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

MARY CHARLOTTE ANDERSON

    Plaintiff,

v.                                 CASE NO: 8:11-cv-2185-T-33MAP

LYNN PITTION-ROSSILLON
A/K/A LYNN PALM, ET AL.

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Settlement Agreement and Full and Final General Release (Doc. # 43), filed on April 2, 2012. For the reasons that follow, the Court approves the settlement and dismisses this case with prejudice.

**I.   Background**

Plaintiff Mary Charlotte Anderson filed suit in this court against Defendants Lynn Pittion-Rossillon a/k/a Lynn Palm, Cyril Pittion-Rossillon, Marie-Francis Davis, Royal Palm Ranch Ltd, Fox Grove Farm, Palm Partners and Alliance Saddlery, on September 26, 2011, on behalf of herself and other similarly situated. (Doc. # 1). Anderson filed an Amended Complaint on November 18, 2011. (Doc. # 18). Anderson alleged that Defendants failed to pay her the minimum wage and overtime compensation required by the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. Anderson further alleged fraud

in the inducement with regard to a contract for boarding her horse in Defendants' facility, constructive discharge and intentional infliction of emotional distress.

The parties stipulated to a scheduling order for an initial settlement conference prior to the filing of Defendants' responsive pleadings. (Doc. # 19). Accordingly, the Court entered an FLSA Scheduling Order on November 21, 2011 (Doc. # 23). On December 8, 2011, Anderson filed her answers to the Court's interrogatories (Doc. # 27); Defendants filed their verified summary of Anderson's wages and hours on December 27, 2011 (Doc. # 31).

On November 18, 2011, Anderson filed a Motion for Conditional Certification to Supply Written Notice to Potential Plaintiffs to Opt-In to Collective Action (Doc. # 20) and Affidavit in Support (Doc. # 21). Defendants filed an Unobjected Motion to Stay Plaintiff's Motion for Conditional Certification of Collective Action (Doc. # 26) on December 7, 2011, which this Court granted on December 9, 2011 (Doc. # 28). The motion was stayed pending the parties' settlement conference.

The parties filed a Joint Report regarding Settlement and Request for Settlement Conference before United States Magistrate Judge (Doc. # 32), indicating that they had held a settlement conference on January 18, 2012, but were unable to

reach a compromise. On January 19, 2012, United States Magistrate Judge Mark A. Pizzo entered an Order Scheduling Mediation Conference (Doc. # 33), setting the conference for March 13, 2012. The Clerk's Minutes for that conference (Doc. # 41) noted that the parties announced settlement and set forth the fundamental terms of their agreement. On April 2, 2012, the parties filed their Settlement Agreement and Full and Final General Release (Doc. # 43).

II. **Analysis**

Anderson alleges that Defendants violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Here, the parties have reached a settlement wherein it is agreed that Anderson will receive $6,000.00 for unpaid wages and liquidated damages and her counsel, Neal K. Anderson, Esq. will receive $2,500.00 for attorney's fees and costs.

This Court is duty-bound to scrutinize the attorney's fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of

> interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 352.

This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.") (internal citation omitted).

Upon due consideration of the aforementioned authorities, as well as the oft-cited factors set forth in Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) and Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974), the Court determines that the settlement reached in this matter is fair and reasonable. Accordingly, the Court approves the compromise reached by the parties in an effort to amicably settle this case. This case is dismissed with prejudice pursuant to the terms of the settlement agreement.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that:

The parties' Settlement Agreement and Full and Final Release (Doc. # 43) is approved. This case is dismissed with prejudice. The Clerk is directed to terminate all pending motions and deadlines and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of April 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record